UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DB INSURANCE CO., LTD. (U.S. BRANCH) </br> *Plaintiff,* </br> </br> v. </br> </br> RABAAB TRUCKING, LLC, EDDIE ROBINSON, SHARYL BURRIS, AND RUDOLPH M. CULP, AS THE DEPENDENT ADMINISTRATOR OF ESTATE OF EDDERICK PENTON, GRANITI VICENTIA, LLC, AND VERYABLE INC. </br> *Defendants.* | C.A. NO  4:25-cv-1779 |

## ORIGINAL COMPLAINT & JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PLAINTIFF DB INSURANCE CO., LTD. (U.S. BRANCH) complaining of RABAAB TRUCKING, LLC, EDDIE ROBINSON, SHARYL BURRIS, AND RUDOLPH M. CULP, AS THE DEPENDENT ADMINISTRATOR OF ESTATE OF EDDERICK PENTON, DECEASED, GRANITI VICENTIA, LLC, AND VERYABLE INC., and would respectfully show this Court as follows:

**I.**

**JURISIDCITION AND VENUE**

1. The matter in controversy involves parties among whom complete diversity of citizenship exists and exceeds the sum value of $75,000, exclusive of interest and costs.

1

2. The matter in controversy involves a declaration of rights, duties, and obligations under an insurance policy pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

3. The Court is vested with jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332 and 2201.

4. Venue of this matter is proper pursuant to 28 U.S.C. § 1391 because the underlying lawsuit is pending in Harris County, Texas and the insurance policy at issue was delivered to RABAAB TRUCKING, LLC in Harris County, Texas.

## II.

## PARTIES

5. DB INSURANCE CO., LTD. (U.S. BRANCH) ("DB") is a South Korean company with its principal place of business in Hawaii, and at all relevant times was engaged in the business of insurance.

6. RABAAB TRUCKING, LLC ("Rabaab") is a limited liability company organized under the laws of the State of Texas, having its principal place of business in Harris County, Texas. Upon information and belief, its members are citizens of a state other than Hawaii and are not citizens of South Korea. Rabaab may be served with the Summons and Complaint through its registered agent: Amarpal Sandhu, 10580 Hammerly Blvd. #113, Houston, TX 77043, and/or through its process agent: Workplace Compliance and Solutions, Inc., 213 Park Avenue, Hereford, TX 79045.

7. EDDIE ROBINSON and SHARYL BURRIS are residents and citizens of the State of Louisiana. RUDOLPH M. CULP, is a resident and citizen of the State of Texas. Mr. Robinson may be served with the Summons and Complaint at 126 W. McKinley Street, Baton Rouge, LA 70802.

Ms. Burris may be served with the Summons and Complaint at 415 Florence Avenue, Bogalusa, LA 70427-4630. Mr. Culp may be served with the Summons and Complaint at Horrigan, Goehrs, Edwards & Culp, LLP, 1401 Truxillo Street, Houston, TX 77004-3957.

8. GRANITI VICENTIA, LLC ("Graniti") is a limited liability company organized under the laws of the State of Texas, having its principal place of business in the State of Texas. Upon information and belief, its members are citizens of a state other than Hawaii and are not citizens of South Korea. Graniti may be served with the Summons and Complaint through its registered agent: Andrew D. Weisblatt, 2135 State Highway 6 South, Houston, TX 77007.

9. VERYABLE INC. ("Veryable") is incorporated in the State of Delaware, having its principal place of business in the State of Texas. Veryable may be served with the Summons and Complaint through its registered agent: Telos Legal Corp., 3610-2 North Josey Lane, Suite 223, Carrollton, TX 75007.

## III.

## FACTS

10. DB issued Policy No. TCA-P000300-00 to Rabaab, having a Policy Period of May 24, 2022 to May 24, 2023 ("Policy").

11. An authentic duplicate of the Policy is attached as Exhibit 1.

12. The Policy provides Liability Coverage for Covered Autos as designated by Symbol 67, which means, "Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)."

13. The Insuring Agreements for Section II – Covered Autos Liability Coverage provide, in pertinent part:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

    **A.**    **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

14. On March 20, 2024, a Second Amended Petition was filed by Plaintiffs Eddie Robinson and Sharyl Burris, Individually and Rudolph M. Culp as the Dependent Administrator of the Estate of Edderick Penton against Graniti, Veryable, and Rabaab, in Cause No. 202363196, in the 129th Judicial District Court of Harris County, Texas ("Underlying Litigation").

15. An authentic duplicate of the Second Amended Petition in the Underlying Litigation is attached as Exhibit 2.

16. The Second Amended Petition alleges that on August 26, 2022, Edderick Penton was working as an independent contractor, having been hired as a laborer by Veryable, who assigned him to Graniti's premises, and while he was unloading sheets of tile from a box trailer, improperly secured sheets of tile fell on him, causing injuries that ultimately resulted in his death.

17. The Second Amended Petition further alleges that Rabaab owned the box trailer that Mr. Penton was unloading.

4

18. The box trailer identified was a 2021 Great Dane Trailer, VIN 1GR1P0629MJ306905 ("Trailer"), which is owned and registered to Rabaab.

19. An authentic duplicate of the registration for the Trailer is attached as Exhibit 3.

20. The Trailer is not listed on the Vehicle Schedule for the Policy.

21. The Trailer is not a Covered Auto under the Policy.

22. By letter of July 31, 2024, DB acknowledged its duty to defend and reserved all rights under the Policy.

23. An authentic duplicate of the July 31, 2024 reservation of rights is attached as Exhibit 4.

24. By letter of March 25, 2025, DB supplemented its reservation of rights under the Policy.

25. An authentic duplicate of the March 25, 2025 supplemental reservation of rights is attached as Exhibit 5.

26. Whether DB has a duty to defend or indemnify Rabaab because the Trailer is not a Covered Auto under the Policy, is an issue that is ripe for adjudication and presents an actual justiciable controversy. Other grounds for DB's reservation of rights as to its duties of defense and indemnity under the Policy with the respect to the Underlying Litigation are not yet ripe for adjudication. As such, an actual justiciable controversy on these grounds does not presently exist. DB therefore continues to reserve rights on such grounds.

27. The Plaintiffs to the Underlying Litigation and the Co-Defendants to the Underlying Litigation have an interest in this controversy, such that disposition of this action in their absence may impair or impede their ability to protect such interest.

IV.

## CAUSE OF ACTION

**PETITION FOR DECLARATORY JUDGMENT**

28. The Policy provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'."

29. The Trailer was not a covered "auto" under the Policy as it was not listed on the Vehicle Schedule for the Policy.

30. DB is entitled to a declaration that it has no duty to defend and/or indemnify Rabaab in the Underlying Litigation because the alleged "bodily injury" did not result from the ownership, maintenance or use of a covered "auto" as required by the Insuring Agreements for the Liability Coverage of the Policy.

VI.

## PRAYER

WHEREFORE, DB respectfully demands the following relief:

1. Declaratory judgment that DB has no duty to defend and/or indemnify Rabaab for the Underlying Litigation;

2. Costs;

3. Reasonable attorney fees; and

4. Any other relief the Court deems equitable and just.

        Respectfully submitted,

        */s/ Crystal L. Maluchnik*
        STEVEN G. JANIK
        Texas Bar No. 24090581
        Federal I.D. No. 3863857
        CRYSTAL L. MALUCHNIK

*Attorney-In-Charge*
Ohio Bar No. 0077875
Federal I.D. No: 3863856
JANIK L.L.P.
P.O. Box 470550
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
steven.janik@janiklaw.com
crystal.maluchnik@janiklaw.com

*Attorneys for Defendant DB Insurance Co., Ltd. (US Branch)*