CAUSE NO. <u>2023-63196</u>

| | | |
|---|---|---|
| **EDDIE ROBINSON AND SHARYL BURRIS, INDIVIDUALLY AND RUDOLPH M. CULP AS THE DEPENDENT ADMINISTRATOR OF THE ESTATE OF EDDERICK PENTON,** *Plaintiffs* | § § § § § § § § | **IN THE DISTRICT COURT OF** |
| | § § | **HARRIS COUNTY, TEXAS** |
| **V.** | § § | |
| **GRANITI VICENTIA L.L.C., and VERYABLE INC.,** *Defendants* | § § § § | **129ᵗʰ JUDICIAL DISTRICT** |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS, EDDIE ROBINSON, SHARYL BURRIS, AND RUDOLPH M. CULP, AS THE DEPENDENT ADMINSITRATOR OF THE ESTATE OF EDDERICK PENTON, DECEASED, ("Plaintiffs") complaining of DEFENDANTS, GRANITI VICENTIA L.L.C., VERYABLE INC., and RABAAB TRUCKING, LLC, ("Defendants") and file this Second Amended Petition and in support thereof, would show the Court the following:

### I.   DISCOVERY

1. Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### II.   PARTIES

2. Plaintiffs EDDIE ROBINSON and SHARYL BURRIS are residents of Louisiana. Plaintiff RUDY M. CULP AS THE DEPENDENT ADMINISTRATOR OF THE ESATE OF EDDERICK

*Plaintiffs Second Amended Petition - Page 1*

931767

**EXHIBIT 2**

PENTON, DECEASED, is a resident of Harris County, Texas.

3.Defendant GRANITI VICENTIA L.L.C., ("GRANITI") is a Texas Domestic Limited Liability Company, incorporated in and doing business in the State of Texas. GRANITI may be served with process by serving its registered agent, Andrew D. Weisblatt, at 2135 State Highway 6 South, Houston, TX 77007, are before the Court for all purposes.

4.Defendant VERYABLE INC., ("VERYABLE") is a Foreign For-Profit Corporation, incorporated in Delaware and doing business in the State of Texas. VERYABLE may be served with process by serving its registered agent, Telos Legal Corp., at 3610-2 North Josey Lane, Suite 223, Carrollton, TX 75007, are before the Court for all purposes.

5.Defendant RABAAB TRUCKING, LLC, ("RABAAB") is a Texas Domestic Limited Liability Company, incorporated in and doing business in the State of Texas. RABAAB, may be served with process by serving its registered agent, Amarpal Sandhu, at 10580 Hammerly Blvd, # 113, Houston, TX 77043 or wherever they may be found. Issuance of citation is requested at this time.

### III. JURISDICTION AND VENUE

6.Jurisdiction is proper in this Court as the amount in controversy exceeds the minimal jurisdictional limits of this Court. Plaintiffs stipulate that the damages in this matter are over $1,000,000. Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but make such stipulation as required by TEX. R. CIV. P. 47. Further, this Court has Jurisdiction because at least one Defendant is a Texas resident, because all Defendants do work in Texas and otherwise have significant contacts with Texas, and because the accident in this case occurred in Texas.

7.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002, because the events or omissions giving rise to Plaintiff's claim occurred in Harris County and because at least one of the Defendants has its principal place of business in Harris County.

## IV. FACTS

8.     On or about August 26, 2022, Edderick Penton was working as an independent contractor, hired as a laborer by Defendant VERYABLE. VERYABLE tasked Mr. Penton with performing labor on the premises of GRANITI. Mr. Penton was unloading sheets of tile from a box trailer when improperly secured sheets of tile fell on him from an A-frame pallet. He was pinned to the inside of the box trailer, causing trauma to his chest and resulting in his subsequent death. The truck and box trailer were owned and operated by Defendant RABAAB.

## V. CAUSES OF ACTION

9.     At the time of the incident made the basis of this suit, Defendants' employees or borrowed servants failed to take proper precautions in packing the sheets of tile for transit. Defendants' employees or borrowed servants failed to properly secure the sheets of tile to the A-frame pallet on which they rested. Defendants' employees or borrowed servants also negligently operated a forklift within the box trailer in which Edderick Penton was killed. As a result of the Defendants' negligence Mr. Penton was killed. By virtue of the doctrine of *respondent superior* Defendants Veryable, Graniti and RABAAB are responsible for their employees' or borrowed servants' negligence, which resulted in Mr. Penton's death.

10.    The incident made the basis of this lawsuit and Plaintiffs' resulting injuries and damages were proximately caused by the negligence and negligence per se of Defendants in one or more of the following particulars:

    a. Failing to take proper precautions in packing the tiles for transport;

    b. Failing to properly secure the straps of the A-frame pallet;

    c. Failing to properly secure the tiles to the A-frame pallet;

    d. Failing to properly load and transport the tiles;

    e. Failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

    f. Failing to safely operate the forklift;

    g. Failing to follow work safety regulations that govern the use of heavy equipment on the worksite;

    h. Failing to properly train and/or supervise their employees;

    i. Failing to provide Mr. Penton with proper training and/or supervision;

    j. Failing to provide Mr. Penton with a safe work environment;

    k. Failing to provide proper safety equipment.

11. Each of these acts and omissions, singularly or in combination with others, constituted negligence and negligence per se that proximately caused the occurrence made the basis of this suit and Plaintiffs' resulting injuries and damages. Defendants' violations of city, county, state, and federal safety regulations was unexcused, and Plaintiffs belong to the class of persons meant to be protected by the laws violated by Defendants. As such, Defendants' acts and omissions constitute negligence per se.

12. In addition to the above, Defendants are independently negligent for failing to properly train and supervise the forklift driver, failing to ensure that the forklift driver was fit for the task

to which he had been assigned, and entrusting the equipment, duties, and responsibilities to the forklift driver although they knew or had reason to know that the forklift driver was not a safe and prudent operator. This negligence was a proximate cause of Plaintiffs' resulting damages.

13.   Finally, Defendants' actions constitute gross negligence. Defendants were aware that the acts or omissions as set forth above involved an extreme degree of risk of harm of the type suffered by Mr. Penton. Nevertheless, Defendants proceeded with conscious indifference to the safety and welfare of Mr. Penton, resulting in his death.

## VII.   DAMAGES

14.   As a direct and proximate result of the negligence of the Defendants, Plaintiffs suffered the following damages:

    a.   Medical expenses;

    b.   Pain and suffering;

    c.   Mental anguish;

    d.   Loss of life;

    e.   Future lost wages and loss of earning capacity;

    f.   Economic damages;

    g.   Loss of consortium;

    h.   Expenses arising and made necessary from this accident;

    j.   All other damages to be proved at trial.

## VIII.   REQUEST FOR DISCLOSURE

15.   Plaintiffs request that Defendants respond to the disclosure requests contained in TEX. R.

*Plaintiffs Second Amended Petition - Page 5*

931767

Civ. P. 194.2,

## IX. JURY DEMAND

16. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas and deposits with the Clerk of Harris County, Texas, the requisite jury fee.

## X. PRAYER

17. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that upon trial of this matter, Plaintiffs be awarded the following:

    a.    Actual damages within the jurisdictional limits of this court;

    b.    Prejudgment and post-judgment interest;

    c.    Costs of suit;

    d.    Exemplary damages; and

    e.    All other relief, in law and equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**THE LUKE LAW FIRM**

*/s/ Robert R. Luke*

Robert R. Luke
SBN: 00789463
1201 Shepherd Drive
Houston, Texas 77007
713.457.6300 Office
713.621.5900 Facsimile
robert@lukefirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel in accordance with the Texas Rules of Civil Procedure via the Court's E-Serve service on this 18th day of March 2024.

_____
Robert R. Luke